UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20279-CR-MARTINEZ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

IRINA DOMKOVA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

On or about November 18, 2011, court-appointed defense counsel Stuart Adelstein ("Counsel") submitted a voucher application numbered FLS 11 2139 with appended time sheets requesting $28,682.50 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a brief letter dated November 28, 2011 in support of his voucher application.

Counsel represented Defendant Irina Domkova ("Defendant") for five (5) months from his appointment on April 6, 2011 until September 13, 2011 and seeks compensation for this time in the voucher application. After initially reviewing the voucher application, I requested a more detailed explanation regarding some of the entries listed in the time sheets which accompanied Counsel's voucher. Specifically, I was concerned with the large amount of time that Counsel billed for "Obtaining and reviewing records" - a total of 186.0 hours. In an effort to alleviate my concern, Counsel willingly provided me with the hard drives containing the discovery in this case on January 20, 2011.

Counsel seeks $28,682.50 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Jose E. Martinez entered an Order of Reference **[DE # 562]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

## Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves

"complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for two reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the grand jury returned a sixty (60) count Indictment **[DE # 102]** charging fifteen (15) codefendants with numerous crimes including conspiracy to commit wire fraud, wire fraud, conspiracy to commit fraud in connection with immigration documents, fraud in connection with immigration documents and bribery of a public official.

Defendant was specifically named in Counts I, XXIX, XXX, XXXIIII, XXXV, XXXVI, XLI, XLIV and XLV. In Count I, Defendant was charged with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. In Counts XXIX, XXX, XXXIV, XXXV and XXXVI, Defendant was charged with wire fraud in violation of 18 U.S.C. § 1343. In Count, XLI, Defendant was charged with conspiracy to commit fraud in connection with immigration documents in

violation of 18 U.S.C. § 371. In Counts XLIV and XLV, Defendant was charged with fraud in connection with immigration documents in violation of 18 U.S.C. § 1546.

Defendant faced a separate maximum term of twenty (20) years imprisonment for each of the following Counts: I, XXIX, XXX, XXXIV, XXXV and XXXVI. Defendant faced a term of five (5) years imprisonment on the conspiracy to commit fraud in connection with immigration documents charge and ten (10) years imprisonment for the two immigration fraud charges. Counsel later entered a plea of guilty to one count of fraud in connection with immigration documents. **[See DE # 368]**. She was sentenced to time served. **[See DE # 368]**.

Second, according to Counsel, "discovery was so voluminous" in this case. (November 28, 2011 letter). Counsel provided the undersigned with the hard drives containing the discovery that the government produced to Defendant. The hard drives contained thousands of images and documents. The sheer volume of evidence which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 4.0 in-court hours totaling $500.00.

The CJA administrator also reviewed the 224.9 out-of-court hours sought by Counsel. Counsel sought compensation for 36.4 hours for "Interviews and conferences" and 186.0 hours for "Obtaining and reviewing records." Counsel also sought compensation for 2.5 hours for "Legal research and brief writing."

Counsel sought $70.00 in "Travel Expenses." The CJA administrator increased this figure to $85.00.

### In-Court Hours[1]

Counsel sought compensation for 4.0 in-court hours totaling $500.00. The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought for this time. I approve $500.00 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 224.9 out-of-court hours. The CJA administrator reviewed the voucher and made no changes to the number of out-of-court hours or the total amount claimed by Counsel.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

Although the vast majority of Counsel's time entries are appropriate, Counsel included a few entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. It was necessary to contact Counsel for an explanation of the troublesome entries. Counsel sufficiently explained each and every of the vague entries, providing the undersigned with sufficient information to determine that each entry was indeed compensable under the CJA.

Furthermore, as I explained above, I was initially concerned with the large amount of hours Counsel spent "Obtaining and reviewing records." Counsel explained that the government turned over an enormous amount of evidence and documents to the defense in this case. Counsel noted that the government had produced the evidence on two large hard drives. Counsel provided me with the two hard drives so that I might be able to personally review the amount of documentation produced in order to determine whether the 186.0 hours Counsel spent reviewing the documents was a reasonable use of billable time.

After conducting a thorough review of the hard drives, the docket and the record in this case, I conclude that the out-of-court hours Counsel listed in the voucher application, including the 186.0 hours spent "Obtaining and reviewing records," are appropriate. Accordingly, I recommend that Counsel should be paid $28,112.50 for his out-of-court hours.

### Expenses

Counsel sought $70.00 in "Travel Expenses." The CJA administrator increased this amount slightly to $85.00. This CJA administrator increased this amount because Counsel made a mathematical error on the voucher. I hereby approve the CJA administrator's adjustment and approve the $85.00 amount.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00.

Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $28,697.50 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Jose E. Martinez, United States District Judge.

Signed this 26 day of January, 2012.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Stuart Adelstein, Esq.
Lucy Lara, CJA administrator